# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LAWRENCE ROSEBAR, | : | Civil No. 1:25-CV-00846 |
| Petitioner, | : | |
| v. | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Petitioner Michale Lawrence Rosebar, a federal inmate currently held at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging his conviction and sentence entered in the United States District Court for the District of Columbia and the refusal of the Bureau of Prisons ("BOP") to apply the First Step Act ("FSA") credits to his release date. (Doc. 1.) For the reasons set forth below, the portion of the petition challenging the underlying criminal conviction and sentence will be dismissed for lack of jurisdiction, and the Respondent will be served with the petition and supplemental petitions to address the challenges concerning the application of FSA credits.

## BACKGROUND

Petitioner is currently serving a term of 120 months for multiple counts related to concealment of bankruptcy assets and fraud. *United States v. Rosebar*, No. 1:16-cr-00018-CKK-1, Doc. 203, (D.D.C. Oct. 23, 2017).

Petitioner filed a § 2241 habeas corpus petition in this court in May of 2025. (Doc. 1.) Petitioner then paid the filing fee and filed two supplemental petitions. (Docs. 4, 5, 6.) The court will now screen the petition and supplemental petitions according to Rule 4.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

Here, the court finds that it lacks jurisdiction to consider Petitioner's challenges to the underlying conviction and sentence and ordering an answer on these challenges would be unnecessary. However, the challenges concerning the

application of FSA credits can be addressed by this court under 28 U.S.C. § 2241. Thus, the court will serve the petition and supplemental petitions on the Respondent.

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the court has jurisdiction over the claims in a § 2241 petition, the court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)). Here, in challenging the merits of his underlying criminal conviction and sentence, Petitioner is challenging something other than the fact or length of his confinement, and his petition amounts to a collateral attack on his judgment of conviction and sentence. (Docs. 1, 5, 6.) Therefore, such claims are not within the core or traditional scope of habeas corpus petitions pursuant to § 2241.

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring such challenges by way of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. The Third Circuit

has stated that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

Section 2255 provides, in relevant part, as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*See* 28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause," and has historically been viewed as a legal basis to file a § 2241 petition to collaterally attack a judgment following an unsuccessful § 2255 petition, as Petitioner may be attempting to do here.[1] However, the Supreme Court has recently held that the savings clause is reserved for exceedingly rare situations

---

[1] Petitioner filed a Section 2255 petition in the sentencing court, which is still an active court. *Rosebar*, No. 1:16-cr-00018-CKK-1.

4

where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing. *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

Accordingly, pursuant to *Jones*, Petitioner cannot challenge his sentence by way of a § 2241 petition in this court. Accordingly, the court must dismiss this portion of the petition for lack of jurisdiction pursuant to § 2255(e).

In contrast, Petitioner's challenges concerning the application of FSA credits and the allegations that "the BOP is playing with defendants halfway house date and Home Confinement Dates" does address the fact or length of confinement or the execution of the confinement. (Doc. 1, p. 5; Doc. 5, pp. 1–2; Doc. 6, p. Doc. 6, p. 2.)[2] The petition and supplemental petitions will be served on Respondent to respond solely to the challenges concerning the application of FSA credits.

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

## CONCLUSION

The challenges to the underlying criminal conviction and sentence are dismissed, but the petition and supplemental petitions will be served on Respondent to answer the challenges concerning the application of FSA credits. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 21, 2025