IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LAWRENCE ROSEBAR, | : | Civil No. 1:25-CV-00846 |
| Petitioner, | : | |
| v. | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Michael Lawrence Rosebar ("Petitioner"), a federal inmate currently held at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the District of Columbia and the refusal of the Bureau of Prisons ("BOP") to apply the First Step Act ("FSA") credits to his release date. (Doc. 1.) Petitioner has also filed two motions for immediate release. (Docs. 14, 15.) Because Petitioner did not exhaust his administrative remedies, the court will dismiss the petition and deny the pending motions.

#### BACKGROUND

Petitioner is currently serving a term of 120 months for multiple counts related to concealment of bankruptcy assets and fraud. *United States v. Rosebar*, No. 1:16-cr-00018-CKK-1, Doc. 203, (D.D.C. Oct. 23, 2017).

1

Petitioner filed a § 2241 habeas corpus petition in this court in May of 2025. (Doc. 1.) Petitioner then paid the filing fee and filed two supplemental petitions. (Docs. 4, 5, 6.) On July 21, 2025, the court screened the petition and supplemental petitions according to Rule 4 and dismissed all challenges to the underlying criminal conviction but ordered Respondent to address the alleged challenges under the FSA. (Docs. 7, 8.) After an extension of time, Respondent filed a response to the petition on August 25, 2025. (Doc. 12.) The court received and docketed Petitioner's traverse on September 11, 2025. (Doc. 13.)

On September 25, 2025 and October 23, 2025, the court received and docketed motions from Petitioner seeking immediate release. (Docs. 14, 15.)

The court will now address the petition and the pending motions.

### VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at FCI-Schuylkill in Schuylkill County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Respondent seeks to have the petition dismissed for a failure to exhaust administrative remedies. (Doc. 12, p. 9–13.)[1]

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Respondent has submitted evidence demonstrating that Plaintiff sought administrative remedies associated with his FSA challenges, but that he did not exhaust the full administrative process with the BOP. (Doc. 12-2, at 3–4; Doc. 12-6.) Specifically, Petitioner filed Remedy No. 1199305 on May 10, 2024 requesting

application of his FSA time credits and release from custody.  (Doc. 12-1, p. 4; Doc. 12-6.)  This request was denied on May 22, 2024.  (*Id*.)  He appealed to the Regional Director's office on May 28, 2024, but that appeal was denied on July 24, 2025.  (*Id*.)  Petitioner did not appeal that denial to the BOP's General Counsel.  (*Id*.)  Therefore, the administrative remedies were not exhausted.

Petitioner's traverse is extensive and appears to continue to challenge the underlying criminal conviction, an issue disposed of in the court's screening order, but the traverse does not appear to address the issue of administrative exhaustion.  (Doc. 13.)  Therefore, the court will dismiss the petition due to a lack of exhaustion.  Because the petition will be dismissed, Petitioner's pending motions for immediate release will be denied as moot.

## CONCLUSION

Due to the lack of administrative exhaustion, this court will dismiss the petition filed pursuant to 28 U.S.C. § 2241 and deny the pending motions for immediate release as moot.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 17, 2025